IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBRA WEISS, individually and
on behalf of all others similarly situated,

                 Plaintiff,

v.

THOMAS YOUTOS and 1709 CORPORATION,
d/b/a SHOWTIME GENTLEMEN'S CLUB,

                 Defendants.

OPINION and ORDER

20-cv-990-slc

---

Plaintiff Debra Weiss brings a collective action claim against defendants Thomas Youtos and 1709 Corporation d/b/a Showtime Gentlemen's Club, seeking to recover wages owed to her and other dancers at the club under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201-219. On February 26, 2021, Weiss filed a motion for conditional certification of a FLSA collective action, dkt. 13, but before briefing was completed on that motion, Weiss notified the court that the parties had reached a settlement agreement with respect to her individual claims, dkt. 20. On May 28, 2021, Weiss filed an unopposed motion for approval of the settlement agreement, which is now before the court.  Dkt. 22.

For the reasons below, I will approve the settlement agreement regarding Weiss's individual claims and deny as moot Weiss's earlier-filed motion for conditional certification of a collective action.

## BACKGROUND

From 1998 until December 2019, plaintiff Debra Weiss worked as an exotic dancer at Showtime Gentlemen's Club, which is owned and operated in Wausau, Wisconsin by defendants

1709 Corporation and Thomas Youtsos. On October 28, 2020, she brought this action on behalf of herself and other dancers at the club, alleging that between October 2017 and December 2019, defendants improperly classified its dancers as independent contractors, failed to pay them minimum and overtime wages in violation of 29 U.S.C. §§ 206 and 207, required the dancers to pay fees to the club (illegal kickbacks), to share their tips with other employees in violation of 29 C.F.R. § 531.35, and to relinquish certain tips to the club in violation of 29 U.S.C. § 203. Defendants denies these allegations and also argues that the FLSA does not apply because Showtime's annual gross sales during the applicable time period was less than the $500,000 jurisdictional requirement.

While briefing Weiss's motion for conditional certification, the parties reached a settlement totaling $15,000 for Weiss's individual claims. Under the agreement, defendants agree to pay Weiss a gross settlement of $15,000 no later than three business days after the agreement has been approved by this court and Weiss has produced an executed W-9. The amount allocated to attorneys' fees is $6,750.00, and $477.25 is allocated to costs.[1] Weiss's allocation is $7,772.75. In exchange, Weiss has agreed to dismiss her causes of action for alleged violations of the FLSA and any state wage and hour claims stemming from her employment.

## OPINION

The parties seek approval of their settlement agreement, as required in cases brought under the FLSA. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Although there is no collective or class in this case, this court has held that it must review an

---

[1] The agreement allocates $652.25 in costs, but Weiss's counsel is seeking reimbursement only for $477.25 in costs.

FLSA settlement to determine whether it represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and reflects a "compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Butz v. Automation Sols. of Am., Inc.*, No. 16-cv-696-jdp, 2017 WL 5713986, at *1 (W.D. Wis. Nov. 7, 2017) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)); *see also Vallin v. Dahdoub Cleaning Services, Inc.*, No. 20-cv-550-jdp, dkt. 13 (W.D. Wis. Nov. 20, 2020). The FLSA also requires that a settlement agreement include an award of reasonable fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action").

Here, the court is persuaded that the parties' proposed settlement represents a fair and reasonable resolution of a bona fide dispute under the FLSA. Weiss says that if her claims had proceeded to trial, her damages would be in the range of $25,000 for the 240 shifts she worked during the relevant period, and her attorneys have a lodestar (hourly fees of $725, $375, and $250 multiplied by number of hours) in the range of $14,000 to $20,000 for the time spent on Weiss's case to date. The parties reached a settlement of $15,000 ($7,772.75 in damages, $6,750 in fees, and $477.25 in costs) in light of factual disputes about the number of shifts Weiss worked, whether the dancers should be classified as employees versus independent contractors, and defendants' jurisdictional defense. In addition, the parties say that the potential for additional opt in plaintiffs, the effects of the COVID-19 pandemic on the club, and defendants' lack of insurance coverage played a substantial role in their decision to settle.

Weiss's counsel's request for a fee award totaling 45% of the settlement value plus $477.25 in costs is likewise reasonable. Kristensen LLP's billing records show that three individuals have billed $14,070 to date on this case—well more than the $6,750 that counsel stands to receive under the settlement agreement. Dkt. 24-2. That lodestar does not include hours expended by Weiss's other attorneys, Urban & Taylor S.C., which could have resulted in an additional $6,000 in fees. Counsel's 45% contingency arrangement with Weiss is consistent with attorney fees approved in other FLSA settlements in this circuit. *See Hernandez v. Cameo Investments, LLC*, No. 19-CV-356-WMC, 2019 WL 5558434, at *2 (W.D. Wis. Oct. 28, 2019) (approving FLSA settlement agreement in which 65% of fund ($6,500) was allocated for attorneys' fees and costs); *Okoro v. Pyramid 4 Aegis*, No. 11-C-267, 2012 WL 12356838, at *1 (E.D. Wis. Nov. 15, 2012) (noting that "proportionality between fees and damages is not required" and approving FLSA attorneys' fees amounting to 75% of total award under lodestar approach). The $477.25 in costs incurred by Weiss's counsel for filing, service, and copies also is reasonable considering the nature and procedural history of this case.

In sum, because all aspects of the settlement agreement appear reasonable, I will approve it. Because the parties did not discuss the terms of dismissal or the entry of judgment in their motion or settlement agreement, I will give the parties until June 25, 2021 to file a stipulation or joint motion for dismissal before entering judgment and closing this case.

ORDER

IT IS ORDERED that

(1) Plaintiff Debra Weiss's motion for approval of the settlement of her FLSA claims, dkt. 22, is GRANTED and the settlement is APPROVED.

(2) Plaintiff's motion for conditional certification of a FLSA collective action, dkt. 13, is DENIED as moot.

(3) The parties shall file a stipulation or joint motion for dismissal as soon as possible, but not later than June 25, 2021.

Entered this 9th day of June, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge